FILED

2008 FEB 12 PM 4:21

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| NOVASTAR MORTGAGE, INC. | ) | CASE NO. 3:07 CIV 00480 |
| Plaintiff, | ) | |
| vs. | ) | Request for Discovery and Production of Evidence. |
| Caroline M. Snyder and Harry L. Snyder<br>8352 Meghan Drive<br>Sylvania, OH {43560-2355} | ) | JUDGE: James G. Carr |
| Defendant(s). | ) | |

COMES NOW, this Request for Discovery and Production of Evidence is done according to, and as provided for in law. Please note, the Defendants are not learned in the law and are relying on the right to defend in the best way they know how. The Defendants are claiming all rights and provisions in law speaking in their defense, including Real Estate Settlement Act ( RESPA ) and Truth In Lending Act ( TILA ).

Additionally, please note the judge is bound by Oath of Office and according to the Supreme Court of the united states of America, by obligation to Truth and Justice over procedure.

Upon request, the Defendants will comply and submit a Discovery to the Plaintiff.

The Defendants respectfully ask the Plaintiff to supply the following information of Discovery:

1   Proof of ownership of the allegedly signed Promissory Note.

2   Proof of ownership of the allegedly signed Mortgage Contract.

3   The un-altered front of the alleged Promissory Note signed by Caroline M. Snyder and Harry L. Snyder.

4   The un-altered backside of the alleged Promissory Note signed by Caroline M. Snyder and Harry L. Snyder, since this is absolutely necessary to prove who funded the loan.

5   Only the Original documents are acceptable, since the Defendants question the credibility of the Plaintiff and any copy / incomplete copy it may present. The Plaintiff must comply with the Ohio Rules of Evidence that state that if a copy is under doubt, a Certificate of Authenticity must be presented with the original, as also provided for in Title 28, par. 1732.

6   Proof by Affidavit that the Plaintiff is actually the holder of the above stated Promissory Note and Mortgage Contract.

7   Proof to the court that the Plaintiff in this suit is a proper Plaintiff with an actual original contract in their name, signed by the Defendants.

8   Sworn Affidavit signed by the witnesses to their First Hand knowledge of the Defendants, their actions and mindset, bookkeeping procedures by personal inspection of the lending institution's compliance with General Accepted Accounting Procedures ( GAAP ), the alleged signed Promissory Note and the Mortgage Contract bearing the wet ink signatures of Caroline M. Snyder and Harry L.. Snyder.

9   Names, titles, position and relationship to the Plaintiff of all witnesses.

10   Proof of compliance with all elements of an executed contract.

11   The name of the Holder in Due Course of the Contract.

12   The location / branch name of the bank or lending institution holding the Contract and Promissory Note.

13   Written documentation, by Affidavit, of an alleged account balance not just a bill, since the Supreme Court has determined that just a reissue of a bill is not Verification of Debt.

14   All written records of the account, including: Complete paper file, complete printed computer file, all notes and communications with the attorney, records of telephone conversations and any other records available.

15   Proof that the Plaintiff is the Injured Party and has an actual financial loss by simply showing it did transfer funds from its own holdings to the transaction account of the Defendants.

16   Proof that the Plaintiff has a legitimate Cause of Action in court. To do so, the high courts have established that the Plaintiff must show: Breach of Duty and Actual Financial Damage.

17   The Plaintiff must show proof that the Attorney, acting both as a Bill Collector and Counsel, while signing the Complaint and bringing the case forward, is not in violation of any part of Title 15, par. 1692. If the Attorney is in violation, he may be subject to sanctions, since the alleged debt has been challenged.

18   The Plaintiff has claimed there is a contract. Therefore, the Plaintiff must show documented proof that the aspects of contract have been fulfilled by showing:  1)   Offer, 2) Acceptance, 3) Specifications of terms, 4) Consideration, 5) Full Disclosure.

19   Proof of Performance. This must include a Certified copy of the ledger sheet showing the bank actually deposited funds from its own holdings into an account with the Defendants' names attached to it and this will then show that the bank funded the account and the Defendants did not, after delivering a Promissory Note defined as currency by Title 31 USC to the alleged lending institution.

20   Verification of Debt by producing the original instrument of deposit, that being a Check, Draft, Wire Transfer or other, into the account displaying the names: Caroline M. Snyder and Harry L. Snyder.

21   The Plaintiff must supply Validation of the alleged debt to the standard of 15 USC, par. 1692 ( g ) ( 4 ) since the bank has always refused to Validate the alleged debt when requested to do so. This must be done by Affidavit according to Blacks Law Definition.

22   Written proof from the Secretary of State and the Ohio Banking Commission that the Lending institution has a license to operate in Ohio, as required by law.

23   Any Affidavit of Assignment, Power of Attorney or purchase contract showing the legal authority of the Law Firm to prosecute this case on the behalf of the lending institution.

24   Sworn statement by a competent bank official to the effect that the original lending institution did not close the account, nor wrote it off, nor took a tax credit for what was not reimbursed by FDIC. This disclosure would be required by law since UCC 3-308, and its equivalent Ohio State statute, states very clearly that the Burden of Proof is on the party claiming under a signature.

REQEUST FOR DISCOVERY                    Page 3 of 4

25  Sworn proof there is a lawful claim that the alleged debt has not been part of a Bank Write Down ( Write Off ), as is very much prevalent these days, no reimbursement from FDIC and therefore no tax credit has been given for the account in question.

Submitted on the 12th day of February, 2008

Copies by Certified Mail to:   Kevin L. Williams
Manley Deas & Kochalski
P.O.Box 165028
Columbus, OH  43216-5028

_____          _____
Caroline M. Snyder                                              Harry L. Snyder

REQEUST FOR DISCOVERY             Page 4 of 4