IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Novastar Mortgage, Inc.,                                              3:07CV480

          Plaintiff,

       v.                                                                  Order

Caroline M. Snyder, et al.,

          Defendants,


       This is a foreclosure case in which the plaintiff Novastar Mortgage, Inc. [Novastar] moved orally at a pretrial conference for leave to substitute plaintiff. The defendants, at that time represented by counsel, objected on the basis of standing. I peremptorily overruled that objection and granted the plaintiff's request to substitute counsel. [*See* Doc. 62].

       Thereafter defendants, their attorney having been granted leave to withdraw, sought leave to object to the substitution of plaintiff. I granted that request, and defendants have filed their objection. [Doc. 69]. The gravamen of defendants' opposition is that Novastar was without standing when it filed this suit.

       On review of the original complaint and exhibits, I find the defendants' contentions about plaintiff's lack of standing to be well-taken. The mortgage, attached to the complaint, shows that the mortgagee is Mortgage Electronic Registration Systems [MERS]. MERS, according to the mortgage, was "acting solely as a nominee for Lender and Lender's assigns."

Plaintiff's response to defendants' opposition does not address the question of whether it had standing *ab initio* to seek to foreclose on the mortgage. Nor does the record show that, prior to the date plaintiff filed this suit, MERS had transferred or assigned its interest as mortgagee to plaintiff.

To have standing, a plaintiff in a foreclosure action must be the mortgagee [or assignee of the mortgagee] when it files suit. *See generally In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio) (Boyko, J.). *Accord, e.g., In re Foreclosure Cases*, 521 F. Supp. 2d 650 (S.D. Ohio 2007) (Rose, J.).

Plaintiff has the burden of establishing its standing. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006). It has not done so.

Consequently, I must dismiss this suit for want of a justiciable case or controversy. *Id*. I do so without prejudice to the right of plaintiff or any other party, provided it has standing through assignment or otherwise, to proceed.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Defendants' opposition to substitution of party plaintiff [Doc. 69], being found well-taken, shall be and hereby is sustained; and

2. Prior order granting leave to plaintiff to substitute counsel be, and the same hereby is *sua sponte* vacated.

The foregoing is without prejudice.

So ordered.

/s/ James G. Carr
Chief Judge