UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NovaStar Mortgage Inc.** | : | Case No. 3:07-cv-480 |
| Plaintiff | : | District Judge James G. Carr |
| vs. | : | |
| **Caroline M. Snyder, et al.** | : | **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |
| Defendants. | : | |

  Now comes Plaintiff, NovaStar Mortgage Inc., (hereinafter, "Plaintiff"), by and through undersigned counsel, and respectfully requests this Court to deny the Motion to Dismiss with Prejudice filed by Defendants Caroline M. Snyder and Harry L. Snyder (hereinafter, "Defendants") on October 20, 2008 after dismissal and termination of the case by the Court. Defendants Snyder incorrectly allege that due to "extraordinary circumstances" this Court should dismiss the case with prejudice. Amongst other "circumstances" listed, Defendants contend that Plaintiff knew it did not have standing to file the suit, Defendants did not receive service of process, Defendants were unhappy with Plaintiff's discovery responses. All of the Defendants' reasons are groundless and fail to meet the requirements of a dismissal with prejudice, and thus, this Court should deny their motion.

  This is a residential foreclosure action in which Plaintiff filed a Notice of Substitution of Plaintiff on May 30, 2008 after this Court granted leave to do so at the pretrial conference. Defendants filed their opposition to Plaintiff's notice on June 30, 2008. This Court dismissed Plaintiff's case without prejudice for not establishing its standing. Order, Doc. 78, p. 2. Defendants now move this Court to amend its dismissal to be with prejudice.

A dismissal with prejudice operates as an adjudication on the merits. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 225, 680 N.E.2d 997, fn. 2.  It follows that a dismissal otherwise than on the merits should be without prejudice. *Id*. See also, *Tower City Properties v. Cuyahoga Cty. Bd. of Revision* (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d 122, 124.  A "dismissal with prejudice operates as a rejection of the plaintiff's claim on the merits" and would preclude further federal litigation.  *United States v. One Tract of Real Property Together With all Buildings, Appurtenances, Buildings, and Fixtures,* 95 F.3d 422, 425 (6th Cir.1996).

Here, this Court dismissed Plaintiff's case solely on the ground that Plaintiff did not establish its standing, further providing that the dismissal is "without prejudice to the right of Plaintiff or any other party, provided it has standing."  Order, Doc. 78, p. 2.  There was no adjudication on the merits on Plaintiff's case.  This Court found that Plaintiff did not address whether it had standing at the beginning of the case.  There were no findings as to the merits of Plaintiff's claims regarding the Defendants' default on the note.

Indeed, Plaintiff's case does have merit.  Plaintiff holds a note, mortgage, and assignment of mortgage on the subject property, and the Defendants have defaulted on the note.  Plaintiff is currently re-filing its foreclosure action in state court where the Defendants will have a full and fair opportunity to litigate the merits of the case.

Finally, Defendants cite to no authority to support their motion.  Their filing is basically a laundry list of complaints that are baseless and most of which are misrepresentations of the facts.  There are no procedural or legal grounds to for their motion.  This Court used its sound discretion to issue a dismissal without prejudice based on standing, which does not address the merits of the case.  Indeed a dismissal on standing grounds is the equivalent of a finding that the Court is without jurisdiction over the subject matter of the case.  Under such circumstances there is no legitimate pending case and no merits are before the Court.  Had Defendants filed a motion

to dismiss under Fed. R. Civ. P. 12(b) for lack of standing, the appropriate dismissal would have also been without prejudice, pursuant to the rules of this Court.

     For the foregoing reasons, Plaintiff respectfully urges this Court to deny Defendants' Motion to Dismiss with Prejudice, and allow the case to remain closed under the prior order of the Court.

                                    Respectfully submitted,

                                    /s/ Kevin L. Williams
                                  Kevin L. Williams (0061656)
                                  Manley Deas Kochalski LLC
                                  P.O. Box 165028
                                  Columbus OH  43216-5028
                                  Telephone: 614-222-4921
                                  Fax 614-220-5613
                                  klw-f@mdk-llc.com
                                  Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on October 31, 2008, a copy of the foregoing Response in Opposition to was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

| | |
|---|---|
| Caroline M. Snyder | Lucas County Treasurer |
| Harry L. Snyder | c/o Robert B. Williams |
| 8352 Meghan Drive | One Government Center, #500 |
| Sylvania, OH 43560 | Toledo, OH  43604 |

Charter One Bank
1215 Superior Avenue
Cleveland, OH  44114

                                                /s/ Kevin L. Williams
                                                Kevin L. Williams